Hunter v. Cole.

———◆———

JEWETT HUNTER, in Error, versus NOAH COLE.

An appeal from the judgment of a magistrate vacates that judgment, and the entry of the case in the Supreme Court gives the latter jurisdiction.

When an appellant fails to produce the proper *copies* in the appellate Court, the action may be dismissed, and the judgment of the magistrate in favor of the plaintiff affirmed with additional costs.

This may be done by an oral motion and without filing a written complaint.

ON AGREED STATEMENT.

WRIT OF ERROR to reverse a judgment of this Court.

It was agreed that, in the original action, (which was an appeal from the judgment of a magistrate,) the appellant produced no *copy* of the record of the magistrate, and thereupon, when the case was reached in order for trial, the following entry was made on the docket:—"Action dismissed for want of papers. Judgment below affirmed with additional costs;" that afterwards the clerk upon the production of a copy of the writ, the original pleadings before the magistrate, the recognizance, and a paper in the form of a record signed by the magistrate, but not attested as a copy, entered up judgment for the defendant in error (the original plaintiff) for the amount of damages awarded by the magistrate, and costs, including the costs before the magistrate and in the Supreme Court.

Hunter *v.* Cole.

*Drummond*, for plaintiff in error.

*Hinds*, for defendant.

The opinion of the Court was drawn up by

RICE, J.—In this case there was a regular judgment before the justice in the original action, and an appeal therefrom in due form of law by the defendant, and the action duly entered in this Court. The appeal vacated the judgment of the Court below, and the entry of the action here gave this Court jurisdiction. It was the duty of the appellant to produce a copy of the record of the Court below and file the same in this Court. This he failed to do, and when the action was reached in order for trial, the failure of the defendant to produce the record being admitted, the action was dismissed, and the judgment of the Court below affirmed, with additional costs. Perhaps a strict adherence to precise technical language would have required the entry to have been *appeal* dismissed instead of *action* dismissed; but it would require a pretty nice discrimination to perceive distinction in the practical results of the two entries. They are in substance and effect the same, and were manifestly so intended.

But it is contended that there should have been a complaint filed before the entry was made. If the appeal had not been entered, a complaint would have been necessary to bring the action before the Court, but, having been duly entered, it was before and within the jurisdiction of the Court, and required no complaint for that purpose. The provision of § 9, c. 83, in relation to complaints, is evidently directory merely, and, in a case like the present, is unnecessary.

*Judgment affirmed.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.